**No. 69104.**—Joseph Rosenblum, d/b/a The Rosenblum Company *v.* United States, protest 63/20492 (New York).

RICHARDSON, Judge: The merchandise in issue consists of Gruyere cheese which was exported from Finland and entered at New York. It is claimed that duties were assessed upon a quantity of such merchandise in excess of the quantity actually imported.

The protest was submitted to the court for decision upon a stipulation between Joseph Rosenblum, the real party in interest and the sole owner of The Rosenblum Company; and the Assistant Attorney General for the United States, which reads in part as follows:

That the subject protest is limited to the merchandise designated on the invoice covered by Consumption Entry No. 764163, Port of New York as gruyere cheese, and more specifically to that certain quantity of gruyere cheese, viz. 946 lbs., net, which was reported by the Collector of Customs to have been included in said entry in excess of the entered quantity, which quantity of 946 lbs., net, was accordingly assessed for duty at 20 per centum ad valorem pursuant to the provisions of paragraph 710 of the Tariff Act of 1930, as modified.

That the quantity of gruyere cheese imported by the plaintiff pursuant to Entry No. 764163 was 2,862 lbs., net, as entered, and that the overage upon which duty was assessed, as aforesaid, was not in fact imported by the plaintiff.

That the protest is submitted upon this stipulation, is limited to the claim for refund of the duty assessed upon the aforesaid 946 lbs., net, of gruyere cheese, and is in all other respects abandoned.

Accepting this stipulation as evidence of the facts, we hold that the claim in the protest that the quantity of Gruyere cheese imported herein is 2,862 pounds, net, is sustained. As to all other claims and merchandise, the protest, having been abandoned, is overruled.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, MARCH 2, 1965

**No. 69105.**—Minneapolis-Honeywell Regulator and Harper, Robinson & Co. *v.* United States, protest 63/19091 (San Francisco).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of exposure meters, not built into the camera and not essential to the operation of the camera, and that said meters contain a system which is an electrical element essential to the operation of the meters, the claim of the plaintiffs was sustained.